Saccone et al. *v.* Scranton et al., Appellants.

Argued April 21, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Jerome I. Myers,* City Solicitor, with him *Jerome K. Barrett,* Assistant City Solicitor, for appellants.

*Ernest D. Preate,* for appellees, was not heard.

*William M. Rutter,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for intervenor.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 12, 1941:

The court below invalidated an ordinance of the City of Scranton relating to barber shops on the ground that it violated Article 2, Section 1, and Article 1, Section 1 of the Constitution of Pennsylvania, and the 14th amendment to the Federal Constitution. We propose to pass upon that feature of it only which involves an unlawful delegation of legislative power. Parenthetically, we may observe that it is difficult to understand how the ordinance could be considered a health measure and as such a valid exercise of the police power.

The ordinance was passed under the authority of Section 15 of the Act of June 19, 1931, P. L. 589, as amended, 63 PS Sec. 566, which provides: "any mu-

nicipality shall have power, by proper ordinances, to fix the days and hours during which barber shops in said cities may be open for business: Provided, however, That in any such ordinance, provisions shall be made that a designated local health or police official may, upon application of the proprietor of any barber shop, and upon proof that barber service to the public so requires, issue a permit effective for a limited time for the operation of a particular barber shop, at such times outside of and beyond those fixed in the said ordinances, as is required by temporary public necessity, with the power to renew the said permit upon further proof of public necessity." The ordinance specifies that it shall be unlawful to operate a barber shop, or any place where barbering is done, in the City of Scranton, except from 8:30 o'clock a. m. to 6:30 o'clock p. m. on Mondays to Fridays, and from 8:30 o'clock a. m. to 7:30 o'clock p. m. on Saturdays and days preceding certain named holidays unless the day preceding the holidays falls on Sunday.

Section 4 of the ordinance grants power to the Department of Public Safety of the city, "upon application of the proprietor of any barber shop, and upon proof that the barber service to the public so requires, issue a permit effective for a limited time, not exceeding 30 days, for the operation of a particular barber shop at such times other than those fixed in this ordinance as is required by temporary public necessity, with the power to renew the said permit upon further proof of public necessity."

That the authority given to the Department of Public Safety is an unlawful delegation of legislative power is clear under all the cases, because there is no standard set up for its guidance: *Holgate Bros. & Co. v. Bashore,* 331 Pa. 255, 200 A. 672; *O'Neil v. Am. Fire Ins. Co.,* 166 Pa. 72, 30 A. 943; *Kellerman v. Phila.,* 139 Pa. Superior Ct. 569, 13 A. 2d 84.

The decree of the court below is affirmed at appellants' cost.